UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CRIMINAL NO. 25-cr-20193

v.

                              HON. LINDA V. PARKER

VERONICA RAMIREZ-VERDUZCO,

        Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Jerome F. Gorgon Jr., United Attorney for the Eastern District of Michigan, and Susan E. Fairchild, Assistant United States Attorney for the District, respectfully submits this Sentencing Memorandum regarding Defendant Veronica Ramirez-Verduzco, who is scheduled to be sentenced on July 8, 2025.

The government recommends a sentence of 9 months. The government agrees with the guidelines calculated by the U.S. Probation Department and has no objections to the Pre-Sentence Report.

1

I.      PROCEDURAL BACKGROUND

Defendant was charged in criminal complaint with Unlawful Re-Entry Following Removal from the United States, in violation of 8 U.S.C. 1326(a), (b)(1). On March 27, 2025, a one count Information was filed. Defendant entered her guilty plea on April 8, 2025.

Defendant has been in the custody of the USMS since March 21, 2025 (approximately 3.5 months).

II.     FACTUAL BACKGROUND

Defendant is a 49-year-old native and citizen of Mexico. She has no status in the United States and is here without authority. She is known to use alias names, a false driver's license and a false Social Security Number (PSR, p. 2). She has also falsely claimed to be a United States citizen. On February 17, 2025, ICE officers received notice that Defendant was in the United States illegally and had recently filed a report with the Van Buren Township Police in which she claimed to be a victim of assault by a co-worker. On or about March 21, 2025, she was taken into custody after it was determined that she had re-entered the United States without authority following her removal on April 20, 2013. There is no evidence to support Defendant's claims concerning her arrest by ICE Deportation Officers. Defendant refused to get out of the car when approached, and ICE Agents had to break the

2

window to secure her.   When she was taken from her car, it was still in drive, her foot was on the gas pedal, and her car crashed into the government car.   Defendant had no intention of complying with the agents and surrendering to their lawful authority.

III.   SENTENCING CALCULATION

    A.   Statutory Maximum Sentences

Count 1:   Unlawful Re-Entry into the United States, in violation of 8 U.S.C. §1326(a), (b)(1) not more than 10 years' imprisonment, a $250,000 fine, or both. Special Assessment $100. Class C felony.

    B.   Sentencing Guidelines Calculations.

Base offense Level - USSG §2L1.2, Illegal Re-Entry, 8

Prior Illegal Re-Entry Conviction, 2013               +4

Acceptance of Responsibility, USSG §3E1.1(a)    -2

Total Base Offense Level of 10

Criminal History

- Feb. 2013 Illegal Re-Entry, Texas, Time Served (53 days), 1 point

Criminal History Category I

The applicable guideline range is 6-12 months' imprisonment.

IV.   GOVERNMENT'S RECOMMENDATION

The government recommends that the Court impose a sentence of confinement 9 months, to be followed by a 1-year period of non-reporting supervised release. Such a sentence would recognize the seriousness of Defendant's offense conduct, would take into consideration her past illegal entry into the United States, promote her respect for the laws in this country and would serve as a deterrent to future criminal activity.

A one-year period of supervised release (non-reporting) would promote deterrence as Defendant would be subject to increased penalties if she returned to the U.S. illegally during that time period and this court would have the opportunity to adjudicate Defendant's case if she violated the terms of supervised release.

The government does not believe a sentence of time-served in this case would be sufficient to address Defendant's actions. Defendant has only been incarcerated for 3.5 months.   This period of time is unlikely to promote respect for the laws in this country and deter her from returning to the United States.

V.     ANALYSIS OF 18 U.S.C. §3553(A) FACTORS

A sentence of 9 months, the mid-point of the guideline range calculated by the U.S. Probation Dept., appropriately takes into account the factors identified in 18 U.S.C. §3553(a), and, in view of the totality of the circumstances and facts of

4

Defendant's case, is reasonable. The most relevant sentencing factors for this Court to consider are as follows:

> Nature and Circumstances of the Offense/History and Characteristics of Defendant

The felony offense committed by Defendant, unlawful re-entry following removal from the United States is serious. Defendant has at least three prior removals from the United States. Following each illegal entry, she was removed by immigration authorities. Each time, Defendant was told that she could not return to the United States without proper authority. She was aware that his conduct was in violation of the immigration laws of the United States and could result in prison time. Nonetheless, she continued to unlawfully enter the United States. Even a prior felony conviction for Unlawful Re-Entry for which she received a sentence of 53 days, was not sufficient to deter her from returning to the United States.

Both the southern national border and the northern national borders safeguard the citizens of the United States. For this reason, Congress enacted laws to regulate our borders and place restrictions on those who can lawfully enter. When immigrants enter the United States without proper authority and at places not designated as ports of entry, they cannot be screened by customs and border protection agents for past criminal conduct or health conditions. Their motives for illegally entering the United States cannot be determined. Our great country has established legal procedures for

5

entering the United States and for obtaining citizenship. Defendant chose to ignore those rules and procedures and enter unlawfully- numerous times. In addition, while in the United States, she has committed criminal acts.

Defendant first attempted to enter the United States in May 2000. She falsely claimed to be a United States citizen. After her lies were confirmed, she was removed to Mexico on the same day. In 2013 she was detained in El Paso, Texas, after again attempting to enter the United States. She was referred for prosecution and was convicted in April 2013 for Unlawful Re-Entry. She was removed to Mexico on April 20, 2013. In March 2016, she was apprehended in California, while trying to re-enter the United States. She was denied an application for a waiver and was given a Voluntary Return to Mexico.

Defendant was arrested in the instant case after she filed a police report concerning an assault by a co-worker. Defendant was employed at the Cedar Woods Assisted Living Center in Belleville, MI. After investigation, it was determined that no charges would be filed concerning the assault incident. It was also discovered that on the I-9 form Defendant provided a false social security number to the business to secure employment and listed a false driver's license number.

Defendant has entered the United States illegally on several occasions. Further, she has used false identification documents to secure and obtain

6

employment. Her actions evidence a complete disregard for the laws in this country. A sentence which promotes Defendant's respect for the laws in this country and promotes deterrence is needed.  A sentence of 9 months, to be followed by a one-year term of supervised release is needed.

<u>Need for Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense and the Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct</u>

While undoubtedly Defendant has re-entered the United States unlawfully to gain employment and achieve better financial conditions, that is an explanation, but not an excuse. She has chosen to disobey the rules and procedures which would allow her to have lawful status in the United States. Prior removals have not deterred Defendant from re-entering the United States. Not even a prior felony conviction has deterred her. A sentence which promotes deterrence is needed.

Because this Court is obligated to impose a sentence necessary to reflect the seriousness of the offense, promote respect for the law and to provide just punishment for the offense, as well as a sentence to afford adequate deterrence to criminal conduct, a sentence of confinement of 9 months is warranted. A sentence of 9 months is sufficient, but not greater than necessary to achieve the goals of sentencing.

Defendant will be transferred to ICE custody immediately following any sentence imposed by this court. She will be deported within a very short time thereafter, due to her country being in close proximity to the United States. This should not be a reason to impose a more lenient sentence.

VI. <u>CONCLUSION</u>

The Probation Officer has not identified any factors to warrant a departure from the applicable sentencing guideline range (PSR, ¶ 64). Likewise, the government has not identified any reason to depart. A sentence of 9 months, to be followed by a one-year period of non-reporting supervised release should be imposed.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

<u>s/Susan E. Fairchild (P41908)</u>
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
(313) 226-9577
E-mail: susan.fairchild@usdoj.gov

Dated: July 2, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2025, I electronically filed the foregoing

document with the Clerk of the Court using the ECF system.

    Lisa Dwyer, Attorney for Defendant

<u>s/Susan E. Fairchild P41908</u>
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI   48226
Phone: (313) 226-9577
E-mail: susan.fairchild@usdoj.gov

9